UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

| | |
|---|---|
| Sassan Abdollahzadeh, individually,<br>    Plaintiff<br>v.<br><br>Denis Riorden, District Director<br>of the Boston District Office of the<br>Bureau of Citizenship and<br>Immigration Services,<br><br>Eduardo Aguirre, Jr., Undersecretary of the<br>Department of Homeland Security and<br>Director of the Bureau of Citizenship and<br>Immigration Services,<br><br>Michael Chertoff, Secretary of the<br>Department of Homeland Security,<br><br>and<br><br>The U.S. Department of Homeland Security<br>Bureau of Citizenship and Immigration<br>Services.<br>    Defendants. | Case No._____<br><br>**05-40067 FDS**<br><br><br>RECEIPT # 404533<br>AMOUNT $ 250.00<br>SUMMONS ISSUED ✓<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK. XH<br>DATE 4-25-05 |

**COMPLAINT FOR MANDAMUS**

**INTRODUCTION**

    This action is brought by Plaintiff Sassan Abdollahzadeh to compel the Defendants to adjudicate his application to register permanent residence or adjust status. The application has been on file with the Bureau of Citizenship and Immigration Services (BCIS) and its predecessor agency, the Immigration and Naturalization Service (INS) since August 26, 1996. To date, the Defendants have neglected their duty, and have failed to adjudicate Plaintiff's application.

**PARTIES**

1. Plaintiff Sassan Abdollahzadeh is an individual, and a native and citizen of the Iran. Plaintiff Abdollahzadeh is employed as a Radiation Safety Officer with the University of Massachusetts Medical School, and presently resides in Worcester, Massachusetts.

2. Defendant Denis Riorden is the duly appointed District Director of the Boston District Office of the BCIS. Defendant Riorden is charged under law and regulation [8 C.F.R. §245.2(a)] with the obligation of adjudicating applications by aliens seeking to adjust status to permanent residence based on employment based preference petitions—such as Plaintiff's. Defendant Riorden is named in his official capacity of District Director.

3. Defendant Eduardo Aguirre, Jr., is the duly appointed Undersecretary of the Department of Homeland Security and Director of the BCIS. Defendant Aguirre is charged under law and regulation [8 C.F.R. §245.2(a)] with the obligation of adjudicating applications by aliens seeking to adjust status to permanent residence based on employment based preference petitions—such as Plaintiff's. Defendant Aguirre is named in his official capacity of Director of the BCIS.

4. Defendant Michael Chertoff is the duly appointed Secretary of the Department of Homeland Security. Defendant Chertoff is charged under law and regulation [8 C.F.R. §245.2(a)] with the obligation of adjudicating applications by aliens seeking to adjust status to permanent residence based on employment based preference petitions—such as Plaintiff's. Defendant Chertoff is named in his official capacity of Secretary of the Department of Homeland Security.

5. Defendant BCIS is a federal agency within the Department of Homeland Security which is mandated by law [8 U.S.C. §1103] to supervise, implement, and enforce the Immigration and Nationality Act, including, applications to register permanent residence or

application to adjust status to permanent resident alien.

**CAUSE OF ACTION**

12. On or about February 27, 1994 Plaintiff Abdollahzadeh commenced employment with the University of Massachusetts Medical School in Worcester, Massachusetts (UMass).

13. On or about September 9, 1994, UMass filed an Application for Alien Employment Certification with the Boston office of the U.S. Department of Labor. This application was filed behalf of Plaintiff Abdollahzadeh. If certified, this application would permit UMass to apply for an immigrant visa and Plaintiff Abdollahzadeh seek status as a lawful permanent resident alien. 20 C.F.R. § 656.

14. On or about January 1996, the U.S. Department of Labor certified the UMass/Abdollazadeh application.

15. On or about February 20, 1996, UMass filed an Immigrant Petition for Alien Worker with the INS. If approved, this petition would grant Plaintiff Abdollazadeh an immigrant visa pursuant to INA § 203(b)(2) [8 U.S.C. § 1153(b)(2)].

16. On or about February 22, 1996, the INS approved Plaintiff Abzollahzadeh's immigrant petition.

17. On or about August 26, 1996, pursuant to INA §245(i) [8 U.S.C. §1255(i)] Plaintiff Abdollahzadeh filed an application to register permanent residency or adjust status (application to adjust status) with the Boston District Office of the INS. The INS assigned Plaintiff Abdollahzadeh alien registration number 21 492 879. If approved, Plaintiff Abdollahzadeh would be accorded status as permanent resident aliens in the United States.

18. On or about December 4, 1996 Plaintiff Abdollahzadeh appeared in the Boston District Office of the INS for an interview. At the end of the interview, the interviewing officer

- 4 -

continued Plaintiff Abdollahzadeh's application.

19.  On or about December 28, 2000, the Boston Office of the INS sent Plaintiff Abdollahzadeh a notice requesting additional evidence.

20.  On or about January 4, 2001, Plaintiff replied to the notice requesting additional evidence.

21.  On February 28, 2003, pursuant to the Homeland Security Act of 2002, Pub.L. 107-296, responsibility for the administration of the Immigration and Nationality Act was transferred from INS to Defendant BCIS. See 68 Fed. Reg. 9824-46 (Feb. 28, 2003).

22.  To date, Plaintiff Abdollahzadeh's application to adjust status remained unadjudicated.

23.  Plaintiff Abdollahzadeh has suffered harm due to the Defendant's inaction.

24.  Plaintiff Abdollahzadeh is forced by law to apply for and receive permission from the Defendants to work. 8 C.F.R. §274a.13(a). Defendant BCIS grants employment authorization in one year increments. Defendant BCIS presently demands a fee of $175.00 to adjudicate an application for employment authorization. 8 C.F.R. §103.7. By regulation, Defendant BCIS can take up to 90 days to adjudicate an application for employment authorization. 8 C.F.R. §274a.13(d).

25.  Employment authorization is implicit in status as a permanent resident alien. INA §274A(h)(3) [8 U.S.C. § 1324a(h)(3)]. Separate yearly employment authorization applications are not required of permanent resident aliens. Once Plaintiff Abdollahzadeh's application to adjust status is adjudicated and assuming it is granted, Plaintiff Abdollahzadeh will no longer be required apply yearly for employment authorization.

26.  Because of Defendants' neglect of duty and failure to adjudicate his application to adjust status, Plaintiff is now and will be required to apply for and pay Defendant BICS a yearly

fee for work authorization in perpetuity or until such time as Defendants perform their duty and adjudicate Plaintiff's application to adjust status.

27. Plaintiff Abdollahzadeh is compelled by law to apply for and receive permission from Defendants to depart and reenter the United States. INA §212(d)(5) [8 U.S.C. §1182(d)(5)]. Defendant BCIS grants travel documents which are valid for one year. Defendant BCIS presently demands a fee of $165.00 to adjudicate an application for a travel document. 8 C.F.R. §103.7.

28. Visa free entry into the United States is implicit in status as a permanent resident alien. INA § 215(a) [8 U.S.C. 1185(a)]. Yearly travel documents applications are not required. Once Plaintiff Abdollahzadeh's application to adjust status is adjudicated and assuming it is granted, he will no longer be required apply for a yearly travel document. Because of Defendants' neglect of duty and failure to adjudicate her application to adjust status, Defendant is now and will be required to apply for and pay Defendant BICS a fee yearly for travel documents in perpetuity or until such time as Defendants perform their duty and adjudicate Plaintiff's application to adjust status.

29. Plaintiff Abdollazadeh desires to become a naturalized U.S. citizen. Plaintiff Abdollazadeh cannot apply to naturalize until such time as he has been a lawful permanent resident alien for five years. INA § 316(a)(1) [8 U.S.C. § 1427(a)(1)]. Plaintiff Abdollahzadeh cannot begin to accrue time as a lawful permanent resident alien until such time as Defendants perform their duty and adjudicate his application to adjust status.

30. Defendants owe Plaintiff Abdollahzadeh a duty to adjudicate his application to adjust status.

31. In an attempt to obtain a decision on his application to adjust status, Plaintiff Abdollahzadeh has made many inquiries with INS/Defendant BCIS on the status of her

application. Plaintiff Abdollahzadeh made these inquiries in person, in writing, and through undersigned counsel.

32. Plaintiff Abdollahzadeh asserts that the Defendants have no legal basis for delaying adjudication of his application for almost nine years and for failing to adjudicate his application.

33. Plaintiff Abdollahzadeh has no administrative remedies. There are no administrative remedies provided for the Defendants' neglect of duty.

34. Mandamus is appropriate because there is no other remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff Abdollahzadeh respectfully prays that the Defendants be cited to appear before this honorable court and that, upon due consideration, the Court enter an order:

1. Compelling the Defendants to perform their duty and decide Plaintiff Abdollahzadeh's application to register permanent residence or adjust status;

2. Award attorneys fees and costs; and

3. Grant such other relief as may be proper under the circumstances.

Date: April 22, 2005

Respectfully submitted,
Sassan. Abdollahzadeh
By his Attorney

Richard M. Green  BBO 650973
57 East Main St. Suite 211
Westborough, MA 01581
Tel:   (508) 616-0024
Fax:   (508) 616-0221

- 7 -

§JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Sassan Abdollahzadeh

**(b)** County of Residence of First Listed Plaintiff: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

05-40067 FDS

Denis Riorden, Eduardo Aguirre, Jr., Michael Chertoff, and Dept. of Homeland Security.

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard M. Green
57 East Main St. Suite 211
Westborough, MA 01581

Attorneys (If Known)

Michael J. Sullivan, Esq.
One Courthouse Way, Suite 9200
Boston, MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant (XX)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | Mandamus |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Complaint for Mandamus pursuant to 28 U.S.C. § 1361 to compel defendants to adjudicate Plaintiff's immigration application.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ - 0 -

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE: NONE

DOCKET NUMBER:

DATE: 4/22/05

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**05-40067 FDS**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Abdollahzadeh v. Riorden__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   | | | | |
   |---|---|---|---|
   | ☐ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. | |
   | ☒ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
   | ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
   | ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
   | ☐ | V. | 150, 152, 153. | |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☒   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Richard M. Green__
ADDRESS __57 East Main St. Suite 211, Westboro, MA 01581__
TELEPHONE NO. __(508) 616-0024__

(CategoryForm.wpd - 2/15/05)