# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| SASSAN ABDOLLAHZADEH,                  ) | |
|                                        ) | Civil Action No. 05-40067 FDS |
|          Plaintiff,                    ) | |
|                                        ) | |
|     v.                                 ) | |
|                                        ) | |
| DENIS RIORDAN, District Director       ) | |
| of the Boston District Office of the   ) | |
| Bureau of Citizenship and Immigration  ) | |
| Services, <u>et al</u>.,               ) | |
|                                        ) | |
|          Defendants.                   ) | |
| _____ ) | |

## DEFENDANTS' SECOND CONSENT MOTION FOR EXTENSION OF TIME
## TO FILE ANSWER OR OTHER RESPONSIVE PLEADING

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, defendants Denis Riordan, District Director the Boston District Office of the Bureau of Citizenship and Immigration Services, <u>et al</u>., hereby move for a second 30-day extension of time, or until August 26, 2005, in which to answer or otherwise plead to plaintiff's Complaint for Mandamus Plaintiff has consented to this request. In support of the foregoing motion, defendants say as follows:

1. Plaintiff Sassan Abdollahzadeh filed this action on April 25, 2005, to compel the defendants to adjudicate his application to register for permanent residence or adjustment of status.

2. Since the filing of plaintiff's Complaint for Mandamus, defendants have been engaged in attempting to determine the cause of the delay in adjudicating plaintiff's application and to administratively resolve these issues in plaintiff's favor. On this basis, on June 24, 2005, defendants sought an extension of time of 30 days in which to answer or otherwise plead to plaintiff's Complaint for Mandamus.

3.  On June 29, 2005, this Court granted defendant's motion.  Defendant's answer or other responsive pleading therefore is due on this date, July 27, 2005.

4.  Since the filing of defendant's first request for an extension of time, and as set forth in the accompanying Declaration of Denis Riordan, District Director of the Boston District Office of the United States Citizenship and Immigration Services ("USCIS"), defendants have learned that a national security check relating to plaintiff's name was initiated on December 21, 2004, pursuant to the procedures that were in effect on that date.  Declaration of Denis Riordan ¶ 6.[1]  No definitive response was received by USCIS in response to this request for approximately six months.  Id. USCIS has since taken steps to expedite that request.  Id,  Specifically, on June 29, 2005, a District Adjudications Officer faxed a "screen printout" indicating that plaintiff's national security check was pending to a contact person in the headquarters office of the USCIS, who then contacts another agency of the federal government to request expeditious handling of the national security check.  Id. This request for expeditious handling is the only action that USCIS can take to expedite the processing of a national security check.  Id.

5.  Defendants now request an additional extension of time of 30 days, or until August 26, 2005, in the anticipation that the national security check relating to plaintiff, which currently remains pending, will be completed and all other matters resolved in plaintiff's favor within 30 days, without the need for intervention by the Court.

---

[1]  Director Riordan described the nature and importance of the national security check in paragraphs 1-5 of his declaration.

6.  On July 27, 2005, undersigned counsel spoke with counsel for plaintiff, Richard M. Green, Esq., and inquired whether he would consent to this motion.  Mr. Green graciously stated that plaintiff would consent to this motion.

WHEREFORE, with good cause having been shown, defendants respectfully request that this Court grant them an additional 30 days, or until August 26, 2005, in which to answer or otherwise plead to plaintiff's Complaint for Mandamus.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Mark T. Quinlivan
     MARK T. QUINLIVAN
     Assistant U.S. Attorney
     United States Attorney's Office
     John Joseph Moakley U.S. Courthouse
     1 Courthouse Way, Suite 9200
     Boston, MA 02210
     617-748-3606

Dated: June 27, 2005

CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), I certify that, on July 27, 2005, I conferred with counsel for the plaintiff, Richard M. Green, Esq., regarding this motion, and that Mr. Green stated that plaintiff would consent to this motion.

 /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Sassan Abdollahzadeh

Plaintiffs

VS                              Case No. 05-40067-FDS

Denis Riordan, Eduardo Aguirre Jr., Michaek Chertoff, and the U.S. Department of
Homeland Security Bureau of Citizenship & Immigration Services

Defendants

I, Denis Riordan, hereby declare:

I am the District Director of the Boston, MA District office for the United States
Citizenship and Immigration Services (USCIS) in the Department of Homeland Security
(DHS). I oversee the adjudication of applications for benefits including applications for
adjustment of status in the Boston District. In my capacity as District Director and based
upon reasonable inquiry and my knowledge, information and belief, I declare the
following:

1.When a person applies to USCIS for adjustment of status to lawful permanent resident,
USCIS conducts several forms of security and background checks to ensure that the alien
is eligible for that benefit and that he or she is not a risk to national security or public
safety. In addition to record checks against DHS' own immigration systems, these
background checks currently include (a) a Federal Bureau of Investigation (FBI)
fingerprint check for relevant criminal history records on the alien (e.g. arrests and
convictions); (b) a check against the DHS-managed Interagency Border Inspection
system (IBIS) that contains records and "watch list" information from more than twenty
federal law enforcement and intelligence agencies. IBIS includes, but is not limited to,
information related to persons who are wanted or under investigation for serious crimes
or suspected of terrorism-related activity; and (c) a national security check, which is run
against databases containing information that is not necessarily revealed by the FBI's
fingerprint check or IBIS.

2. These law enforcement checks have revealed significant derogatory information on
alien applicants for immigration benefits, including applicants seeking adjustment of
status, which has resulted in the alien being found ineligible for the benefit and USCIS'
denial of the application. Where applicable, the information has also resulted in aliens

being arrested by law enforcement agencies or charged under removal grounds and deported/removed from the United States following a final EOIR order. In many instances, the disqualifying information on the alien has been discovered as a result of the IBIS or a national security check, but has not been revealed by a fingerprint check alone.

3. If a background or security check reveals derogatory information on the alien (i.e. a "hit"), then USCIS works with other divisions of DHS and other law enforcement and intelligence agencies, as necessary, to obtain all available information concerning the derogatory information. Depending on the information, DHS/ICE may place the alien in removal proceedings to remove him/her from the United States.

4. Although the alien's file may show that an FBI fingerprint check was performed these checks frequently do not reveal the types of derogatory information described above, particularly when it is not information that has resulted in an arrest or criminal conviction. For example, persons on a "watch list" who are suspected of terrorist activity will not necessarily be identified through an FBI fingerprint check, but could be identified through an IBIS record check or a national security check of investigation databases.

5. It would be unconscionable and potentially risk the safety and security of the nation for USCIS to grant United States citizenship without ensuring that the government's law enforcement databases do not contain significant derogatory information about the alien. With lawful permanent resident status, a person who is a risk to the public or the nation's security could obtain work in sensitive industries and travel on transportation carriers more easily.

6. Subject's application for lawful permanent resident status (Form I-485) was "fee receipted" by the Immigration and Naturalization Service on August 26, 1996. It appears from a review of subject's "A" file that subject's fingerprint check was initiated on or about August 26, 1996. It also appears from a review of subject's "A" file that a national security check relating to subject's name was initiated on December 21, 2004 pursuant to procedures that were in effect on that date. No definitive response was received by USCIS in response to this request for approximately six months. At that point in time, USCIS sought to expedite said national security check. In order to expedite such a national security check, a District Adjudications Officer "faxes" the "screen printout" that indicates that subject's national security check is "pending" to a contact person in the Headquarters office of USCIS. Such an "expedite" in this matter was requested on June 29, 2005. At that point the contact person at USCIS Headquarters contacts another agency of the federal government to request expeditious handling of said national security check. It is important to note that USCIS' request for "expeditious handling" is the only action that USCIS can take to expedite the processing of a national security check.

7. USCIS will continue to perform any outstanding background and national security checks as expeditiously as possible to help ensure that eligible applicants for lawful permanent resident status wait no longer than is reasonably necessary.

8. Subject's national security check is still in a pending status.

I declare under penalty of perjury that, based upon reasonable inquiry and my knowledge, information and belief, the foregoing is true and correct.

Executed on the 27th day of July, 2005 at Boston, MA

Denis C. Riordan

Denis Riordan
District Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
Boston, MA