UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SASSAN ABDOLLAHZADEH, | ) ) ) | Civil Action No. 05-40067 FDS |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| DENIS RIORDAN, District Director of the Boston District Office of the Bureau of Citizenship and Immigration Services, et al., | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**ANSWER**

Defendants Denis Riordan, District Director of the Boston District Office of the Bureau of Citizenship and Immigration Services, et al., answer plaintiff's Complaint for Mandamus ("Complaint") as follows:

Introduction: The Introduction of plaintiff's Complaint constitutes plaintiff's characterization of this action, to which no response should be required.

1. Paragraph 1 of the Complaint constitutes plaintiff's characterizations regarding plaintiff's citizenship, residence and occupation, to which no response is required; to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint for Mandamus, except to admit that plaintiff is an individual and a native and citizen of Iran.

2. Admit the first and third sentences of Paragraph 2 of the Complaint. The second sentence of Paragraph 2 of the Complaint constitutes a legal conclusion to which no answer is required.

3. Admit the first and third sentences of Paragraph 3 of the Complaint, except to deny that Eduardo Aguirre, Jr., currently serves as the Undersecretary of the Department of Homeland Security and Director of the Bureau of Citizenship and Immigration Services ("BCIS"), and aver that Robert Divine currently serves as Acting Deputy Director of BCIS. The second sentence of paragraph 3 of the Complaint constitutes a legal conclusion to which no answer is required.

4. Admit the first and third sentences of Paragraph 4 of the Complaint. The second sentence of paragraph 4 of the Complaint constitutes a legal conclusion to which no answer is required.

5. Admit that BCIS is a federal agency within the Department of Homeland Security. The remainder of Paragraph 5 of the Complaint constitutes a legal conclusion to which no answer is required.

6-8. Paragraphs 6 through 8 of the Complaint constitute plaintiff's characterization of this action and legal conclusions regarding jurisdiction to which no answer is required.

9. Paragraph 9 of the Complaint constitutes plaintiff's characterization of his request for costs and attorney's fees and the legal conclusions regarding the bases for such request, to which no answer is required.

10. Paragraph 10 of the Complaint constitutes a legal conclusion regarding venue, to which no answer is required.

11. Paragraph 11 of the Complaint constitutes plaintiff's characterization of the relief plaintiff is seeking in this action, to which no answer is required.

12. Deny knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15-22. Admit.

23. Deny.

24-25. Paragraphs 24 and 25 of the Complaint constitute legal conclusions to which no answer is required.

26. Deny.

27. Paragraph 27 of the Complaint constitutes a legal conclusion to which no answer is required. .

28. The first through third sentences of Paragraph 28 of the Complaint constitute legal conclusions to which no answer is required. Deny the fourth sentence of Paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29 of the Complaint. The second and third sentences of Paragraph 29 constitute legal conclusions to which no answer is required.

30. Paragraph 30 of the Complaint constitutes a legal conclusion to which no answer is required.

31. Admit.

32. Paragraph 32 constitutes plaintiff's characterization of defendants' actions to which no answer is required; insofar as an answer may be deemed required, deny.

33-34.  Paragraphs 33 and 34 of the Complaint constitute legal conclusions to which no answer is required.

## RELIEF

The remainder of the Complaint constitutes plaintiff's request for relief to which no response is required.  Insofar as an answer may be deemed to be required, defendants deny that plaintiff is entitled to the relief prayed for in this action or to any relief whatsoever.  Defendants further specifically deny all of the allegations of the Complaint not previously otherwise answered.

WHEREFORE, having fully responded to the Complaint, defendants pray that:

1. the plaintiff takes nothing by way of its Complaint in this action;

2. the action be dismissed with prejudice; and

3. the Court grant such other and further relief as it may deem appropriate.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:  /s/ Mark T. Quinlivan
     MARK T. QUINLIVAN
     Assistant U.S. Attorney
     John Joseph Moakley U.S. Courthouse
     1 Courthouse Way, Suite 9200
     Boston, MA 02210
     617-748-3606

Dated: September 26, 2005