UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

|  |  |
|---|---|
| SASSAN ABDOLLAHZADEH )<br>)<br>Plaintiff )<br>v. )<br>)<br>DENIS RIORDAN, District Director of )<br>the Boston Office of the Bureau of )<br>Citizenship and Immigration Services, et al., )<br>)<br>Defendants )<br>_____ ) | Civil Action No. 05-40067 FDS |

MOTION FOR SUMMARY JUDGEMENT

PURSUANT TO F.R.Civ. P. 56

COMES NOW Plaintiff Sassan Abdollahzadeh, though counsel and moves this court to grant the Plaintiff summary judgment against the Defendants pursuant to Federal Rule of Civil Procedure 56 and relief in the nature of mandamus against the Defendants.

This action is brought by Sassan Abdollahzadeh against the Department of Homeland Security (DHS) Bureau of Citizenship and Immigration Service (BCIS), and various high ranking officials within the DHS in their official capacities, to perform their duties and adjudicate Plaintiff's nine year old application to register permanent residence or adjust status. (application to adjust status or adjustment application) Plaintiff, by way of this motion, seeks relief in the nature of mandamus and an order compelling the Defendants to perform their duty and adjudicate Plaintiff's application to adjust status.

## STATEMENT OF FACTS

The following facts are not in dispute: Plaintiff Sassan Abdollahzadeh is a native and citizen of Iran. Complaint and Answer (Compl. & Ans.) ¶1. On or about February 20, 1996, the University of Massachusetts Medical School in Worcester, Mass. filed an Immigrant Petition for Alien Worker with the Immigration and Naturalization Service (INS). This petition was filed on behalf of its employee, Plaintiff Sassan Abdollahzadeh. If approved, this petition would grant Plaintiff an immigrant visa pursuant to Immigration and Nationality Act (INA) § 203(b)(2) [8 U.S.C. § 1153(b)(2)]. Id. at ¶15. On or about February 22, 1996, the INS approved UMass' immigrant petition. Id. at ¶ 16.

On or about August 26, 1996, pursuant to INA §245(i) [8 U.S.C. §1255(i)] Plaintiff filed an adjustment application with the Boston District Office of the INS. If this application is approved, the Plaintiff would be accorded status as permanent resident alien in the United States. Id. at 17. INA §245(a) [8 U.S.C. §1255(a)].

On or about December 4, 1996 the Plaintiff appeared in the Boston District Office of the INS for an interview with an immigration officer. At the end of the interview, the interviewing officer continued Plaintiff's application. Id. at ¶18.

On or about December 28, 2000, the Boston Office of the INS sent Plaintiff Abdollahzadeh a notice requesting additional evidence. Id. at ¶19. Plaintiff Abdollahzadeh replied to the INS' request on or about January 4, 2001. Id. at ¶20.

On February 28, 2003, pursuant to the Homeland Security Act of 2002, Pub.L. 107-296, responsibility for the administration of the Immigration and Nationality Act was transferred from INS to Defendant BCIS. See 6 U.S.C. §§113 & 271, and 68 Fed. Reg. 9824-46 (Feb. 28, 2003). Id. at 21.

On December 21, 2004, Defendants initiated a national security check on Plaintiff. Defendant's Second Consent Motion for Extension of time to File Answer ¶ 4 and Declaration of Denis Riordan ¶ 6.

In an attempt to obtain a decision on his application to adjust status, Plaintiff has made many inquiries with INS/Defendant BCIS on the status of his application. Plaintiff made these inquiries in person, in writing, and through undersigned counsel. Compl & Ans. ¶31. To date, Plaintiff Abdollahzadeh's application to adjust status remained unadjudicated. Id. at 22.

**JURISDICTION**

This is a civil action brought pursuant to 28 U.S.C. §1331 (Federal Question), 5 U.S.C. §§555(b) and 704 (the Administrative Procedures Act or APA) and 28 U.S.C. §1361 (the Mandamus Act) to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants and those working under him to perform duties they owe to the Plaintiff.

**STANDARD FOR ISSUANCE OF SUMMARY JUDGEMENT**

The Federal Rules of Civil Procedure state that a court must grant a motion for summary judgment when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. F. R. Civ. P. 56(c).

In the instant matter, there are no genuine issues of material fact, and for the reasons set forth below, the Plaintiff is entitled to judgment as a matter of law.

### A.     No Genuine Issues of Material Fact

There are no genuine issues of material fact in this matter. In his complaint, Plaintiff alleges and by way of their answer the Defendants admitted the statement of facts recited above.

### B.     Plaintiff is entitled to relief as a matter of law

Mandamus is an equitable remedy which compels an official to perform a ministerial duty. Cavanaugh v. U.S., 640 F.Supp. 437, 441 (D.Mass.1986). To prevail on a claim for mandamus, the plaintiff must show that 1) he has a clear right to relief, 2) there is no other adequate remedy to obtain the relief he seeks and 3) the defendants have a clear duty to act. Town of Wellesley v. Fed. Energy Reg. Comm., 829 F.2d 275, 277 (1st Cir.1987); Cavanaugh, 640 F.Supp. at 441;

### 1.     Clear Right to Relief

In order to show that the Plaintiff has a clear right to relief, the Plaintiff must make a prima facie showing that the Defendants have violated a non-discretionary duty owed to them. Yu v. Brown, 36 F. Supp.2d 922, 932 (D.N.M 1999). The undisputed facts recited above show that the Plaintiff has a clear right to relief for the Defendant's unreasonable delay in adjudication of the Plaintiff's adjustment application. The APA gives rise to a legally enforceable right for the completion of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all. Yu v. Brown, 36 F. Supp.2d 922, 928 (D.N.M 1999) citing Forest Guardians v. Babbitt, 164 F.3d 1261, 1269 (10th Cir.1998) and Deering Milliken, Inc. v. Johnston, 295 F.2d 856, 861 (4th Cir.1961)

The APA grants this Court jurisdiction over and the power to provide a remedy for an administrative agency's "unreasonable delay" in rendering a decision on an application or petition. The APA states, "a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. 706 (1). Additionally, the APA states, "With due regard for the convenience and necessity of the parties or their representatives and <u>within a reasonable time</u>, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. §555(b) emphasis added.

With respect to immigration agency actions for permanent residency, courts have held that adjudication delays of two to four years to be unreasonable. <u>Yu</u>, 36 F.Supp.2d at 928; (INS' delay of two and one half years held unreasonable); <u>Kim v. Ashcroft</u>, 340 F.Supp.2d 384 (S.D.N.Y. 2004)(BCIS' forty-two month delay held unreasonable); <u>Agbemaple v.INS</u> 1998 WL 292441 *2 (N.D.Ill. May 18, 1998)(Twenty months delay held unreasonable); <u>Paunescu v. INS</u> 76 F.Supp2d 896, 902 (N.D. Ill 1999)(Two year delay held unreasonable);

In the instant matter, Plaintiff's adjustment application has been pending before the Defendants for more than nine years. A nine year delay in a decision on an adjustment application is an unreasonable delay.

In determining the "reasonableness" of agency delay, some courts have looked to the source of delay and the extent to which the applicant has caused the delay. <u>Reddy v. Commodity Futures Trading Comm.</u>, 191 F.3d 109, 120 (2nd Cir. 1999). In the instant matter, the plaintiff has fully cooperated with the Defendants. On December 4, 1996 Plaintiff appeared before the Defendants at the duly scheduled adjustment interview, timely replied to the Defendants request for evidence. Compl. & Ans. ¶¶ 18 -20; 8 C.F.R.

§103(b)(8). Plaintiff has done nothing to cause delay in the processing of his adjustment application.

2.  **No other Adequate Remedy to Obtain Relief**

In order to obtain relief in the nature of mandamus, the plaintiff must establish that there is no adequate remedy to obtain relief. There is no remedy under law to compel the defendants to execute their duty and adjudicate plaintiff's adjustment application. Forest Guardians, 64 F.3d at 164; Wan Shis Hsieh v. Kiley, 569 F.2d 1179, 1182 (2nd Cir. 1978). Exhaustion of administrative remedies is not required because there is no formal administrative remedy to compel Defendants to adjudicate Plaintiff's application. Id. Final agency action is not required because the purpose of this action is to bring about a final agency action. Yu, 26 F. Supp.2d at 932.

Even though there is no formal administrative process to compel Defendants to act on an application, Defendants do not work in a vacuum. Defendant BCIS is and the named Defendants are employed by a public service agency tasked with the duty to administer benefits under the INA. INA §103(a) [8 U.S.C. §1103(a)]; 6 U.S.C. §271 (Transferring administration of the INA from the Attorney General to the Defendants). Defendants receive inquires on the status of applications on a daily basis and presumably act on these inquires.

Across the last nine years, on numerous occasions, Plaintiff, through undersigned counsel, and personally have contacted the Defendants both in writing and in person to inquire on the status of his application, and ask what must be done to bring about a decision. Compl. and Ans. at ¶31. After nine years of patient waiting for the Defendants

to act, Plaintiff now seeks the aid of the Court to compel the Defendants to adjudicate his adjustment application.

The Defendants may argue that the APA provides a remedy at law for the judicial review of adverse agency action including unreasonable delay. Courts have held that the remedy of a mandatory injunction under the APA to be a mandamus action by another name. Yu, 26 F. Supp.2d at 929.

**3.      Defendants had a clear duty to act.**

The Defendants may argue that adjustment of status is a discretionary act, therefore the Defendants have no duty to act on an adjustment application. The INA states "The status of an alien ...may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." INA §245(a) [8 U.S.C. §1225(a)].

The INA and Defendant BCIS' own regulations indicate that the Defendants have a duty to act on an adjustment application properly brought before it. "The Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens. INA §103, [8 U.S.C. §1103] emphasis added. (Responsibility for the administration of the Immigration and Nationality Act transferred from the Attorney General to the Defendants. 6 U.S.C. §113; 68 Fed. Reg. 9824-46 (Feb. 28, 2003)). "The [adjustment] applicant shall be notified of the decision of the director and, if denied the reasons for the denial." 8 C.F.R. §245.2(a)(5) emphasis added.

Additionally, courts have held that the Defendants have a clear duty to render a decision within a reasonable time on a properly filed immigration application or petition.

"The fact that the INS has the discretion in the ultimate decision whether to grant [lawful permanent resident status] is irrelevant to the question of whether it has the discretion to refuse to act on Plaintiff's applications" Yu, 36 F. Supp.2d at 931. "Whether to adjudicate and adjustment application is not discretionary, but is governed by section 6 of the APA, requiring the CIS to take action on a matter presented to it 'within a reasonable time'". Kim at 389. emphasis supplied.

In the instant matter, the Plaintiff's adjustment application was filed with the Defendants on August 26, 1996 and remains unadjudicated to this date. Compl. and Ans. at ¶¶ 17 & 22. The Defendants have a clear duty to act in a reasonable time and have chosen not to.

**Conclusion**

WHEREFORE, since this court has jurisdiction to hear this matter, there are no genuine issues of material fact, and, for the reasons set forth above, the Plaintiff is entitled to a judgment as a matter of law, Plaintiff respectfully moves this honorable court to:

1. Grant Plaintiff's motion for Summary Judgment;

2. Hold that the Defendant's nine year delay in adjudication of Plaintiff's adjustment application to be an unreasonable delay under the Administrative Procedures Act;

3. Grant Plaintiff relief in the nature of mandamus;

4. Issue an order compelling the Defendants to adjudicate Plaintiff's application to adjust status within thirty days of the issuance of the order or by a date and time to be established by the Court, and

5. Grant any and all such relief as the Court may deem appropriate.

                                              Respectfully Submitted
                                              Sassan Abdollahzadeh
                                              by his Attorney

Dated: October 10, 2005

                                              Richard M. Green  BBO#650973
                                              57 E. Main St. Suite #211
                                              Westborough, MA 01581

                                              Tel:  (508) 616-0024
                                              Fax:  (508) 616-0221

## STATEMENT PURSUANT TO LOCAL RULE 7.1(a)(2)

I Richard M. Green state that on the 7th day of October, 2005 at 3:40 pm I conferred with Mark T. Qunilivan, Esq. counsel for the Defendants via the telephone regarding this Motion for Summary Judgment.

                                              Richard M. Green

## CERTIFICATE OF SERVICE

I Richard M. Green, state on this tenth day of October, 2005, I placed a copy of the above motion in the U.S. mail, first class postage prepaid to the following counsel for the Defendants:

    Mark T. Qunilivan, Esq.
    Office of the U.S. Attorney
    John Joseph Moakley Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210

                                              Richard M. Green