UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SASSAN ABDOLLAHZADEH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENIS RIORDAN, District Director )<br>of the Boston District Office of the )<br>Bureau of Citizenship and Immigration )<br>Services, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 05-40067 FDS |

**NOTICE OF DECISION ON
APPLICATION FOR STATUS AS PERMANENT RESIDENT**

Defendants Denis Riordan, District Director of the Boston District Office of the Bureau of Citizenship and Immigration Services, et al., hereby provide notice to the Court of the Decision on Application for Status as Permanent Resident, rendered by the Bureau of Citizenship and Immigration Services on this date, March 17, 2006, which denies the application for status as permanent resident of the plaintiff, Sassan Abdollahzadeh. A copy of the Decision on Application for Status as Permanent Resident is attached.

Defendants take the position that the issues raised in plaintiff's motion for summary judgment, which is currently scheduled for a hearing on March 20, 2006, at 10:00 a.m., are now moot.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  /s/ Mark T. Quinlivan
       MARK T. QUINLIVAN
       Assistant U.S. Attorney
       John Joseph Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       617-748-3606

Dated: March 17, 2006

March 17, 2006

Sassan Abdollahzadeh                                      A21 492 879
118 Cataract Street
Worcester, MA 01602

## DECISION ON APPLICATION FOR STATUS AS PERMANENT RESIDENT

A review of the administrative record indicates that you filed Form I-485, Application to Register Permanent Residence or Adjust Status, on August 26, 1996. After careful review of all pertinent facts surrounding your Form I-485, U.S. Citizenship and Immigration Services (USCIS)[1] has determined you are ineligible to adjust status in accordance with Section 212 [8 U.S.C. 1182] of the Immigration and Nationality Act (Act), as amended, and your Application to Register Permanent Residence or Adjust Status is hereby denied.

## APPLICABLE LAW AND EVIDENCE CONSIDERED

**Section 212(a)(6)(C)(i) [8 U.S.C. 1182(a)(6)(C)(i)]** of the Act states: In general. Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible.

**Section 245 [8 U.S.C. 1255]** of the Act states, in relevant part: (a) The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification under subparagraph (A)(iii), (A)(iv), (B)(ii), or (B)(iii) of section 204(a)(1) may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence....

On December 16, 2005, you appeared for an interview regarding your Form I-485. You were placed under oath and informed that the interview was being audio and video recorded. During the interview you were asked a series of questions regarding issues relevant to your application, including your past admissions to the United States, your membership or affiliation with any organizations past and present, and answers that you had previously provided to USCIS during an

---

[1] On March 1, 2003, the Immigration and Naturalization Service (INS) ceased to exist as an agency under the Department of Justice and its components were transferred to the Department of Homeland Security and divided among three newly-created bureaus: Bureau of Citizenship and Immigration Service (BCIS), Bureau of Immigration and Customs Enforcement, and the Bureau of Customs and Border Protection. The authority to adjudicate naturalization and adjustment of status applications was transferred to BCIS. Effective August 21, 2003, the Bureau of Citizenship and Immigration Service (BCIS) is now referred to as U.S. Citizenship and Immigration Services (USCIS). Because the facts at issue occurred both before and after the transfer and renaming of the agency, for purposes of this decision, the term USCIS will be used to refer to the actions of the legacy INS and USCIS in this matter.

Sassan H. Abdollahzadeh                                                    A21 492 879
Page 2


interview on December 4, 1996. The administrative record contains the following adverse information:

On Form I-485, under Part 3, Question C, you were asked: "List your present or past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place since your 16th birthday. Include any foreign military service in this part. If none, write "none". Include the name of organization, location, dates of membership from and to, and the nature of the organization." You answered: "1. National Physics Honor Society 2. Health Physics Society."

However, during your interview on December 16, 2005, you were asked if you have ever been involved in, supported, or been associated with any members of an organization called "Anjoman Islamie." In response, you stated that you had been involved with the organization, having attended weekly meetings in the United States on and off for three years while you were enrolled in the University of Kansas from 1983 to 1986. It is noteworthy that in testimony before the United States Senate Committee on Appropriations on February 4, 1999, then-Director Louis J. Freeh of the Federal Bureau of Investigation stated:

> "[T]here are still significant numbers of Iranian students attending United States universities and technical institutions. A significant number of these students are hardcore members of the pro-Iranian student organization known as Anjoman Islamie, which is comprised almost exclusively of fanatical, anti-American, Iranian Shiite Muslims. The Iranian government relies heavily upon these students studying in the United States for low-level intelligence and technical expertise. However, the Anjoman Islamie also represents a significant resource based upon which the government of Iran can draw to maintain the capability to mount operations against the United States, if it so decides."
> (http://www.fas.org/irp/congress/1999_hr/990204-freehct2.htm)

Additionally, on Form I-485, under Question 6, you were asked: Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? You answered: "No." During your second interview with USCIS, however, you stated that you had attended Marxist group meetings while at the University of Kansas.

Furthermore, when asked to explain the details surrounding your entry into the United States in 1976, you produced an Iranian passport, number 119595. The passport contained U.S. visa number 015873, which stipulated an F-1 status for you to attend South Grand Prairie High School in Grand Prairie, Texas. The interviewing officer noted to you that the visa belonged to a previous passport, which you claimed had been issued to you. You stated that the U.S. Consulate had taped the visa into this passport.

You also testified during your second interview that you had entered the United States on July 16, 1975, through Chicago, Illinois as a B-2 visitor. You said that a Texas family, who are friends of your family in Iran, sponsored you, as you were attending South Grand Prairie High School. You stated that when your visa was about to expire, you visited the local Immigration Office and were informed that you could not attend school as a B-2 and had to depart the United States. In May 1976, you departed the United States for Iran and obtained an F-1 student visa in Tehran for you to

Sassan H. Abdollahzadeh                                                         A21 492 879
Page 3

attend South Grand Prairie High School. You further testified that you traveled to the United States on this F-1 visa and were admitted at New York, New York. You then traveled to Worcester, Massachusetts to attend Doherty High School. You did not travel to Texas and you did not attend South Grand Prairie High School, in accordance with the terms of your visa. You alleged that you submitted the proper paperwork to USCIS for this transfer of schools, but you could not produce any evidence to support this claim. Furthermore, there is neither evidence in the record or any USCIS database to support this claim.

You signed the instant Form I-485 on July 30, 1996 "under penalty of perjury under the laws of the United States of America, that this application, and the evidence submitted with it are all true and correct." You were first interviewed on December 4, 1996. At that interview, the officer asked you, under oath every question on the application. With regard to the question of whether you had any children, you testified that you did not have any children. During the interview on December 16, 2005, you submitted two birth certificates from the State of Michigan as evidence that Mellahat Abdollahzadeh, date of birth June 1, 1984, and Mobin Abdollahzadeh, date of birth August 17, 1982, are your children. When questioned as to the reason for not disclosing this information at your first interview, you were unable to satisfactorily explain the omission. You stated that you did not feel that they were part of this application process.

During the December 16, 2005 interview, you were requested to submit a complete copy of your passport, number R2327257. USCIS afforded you the opportunity after the interview to make copies and submit them to the interviewing officer. A review of the documents indicates that the following pages were missing from the copy provided to USCIS: Pages 16, 17, 18, 19, 22, 23, 28, 29, 34 35. *Gipson v. INS*, 284 F.3d 913, 916 (8th Cir. 2002), the Court of Appeals held that the Board of Immigration Appeals did not abuse its discretion in denying reclassification based on the fact that the alien provided inconsistent data regarding his identity; "there can be no meaningful of the truth behind a petition for classification ... if the reviewing agency does not have accurate information regarding the name, place of origin, and family ties of the applicant."

When asked about the various names you had used in the past, you testified that you had used "Sassan Abdollahzadeh," sometimes "hyphenating Abdollah-zadeh" in this way or just placing a space between the "h" and the "z." You also claimed your date of birth is December 16, 1961. However, records checks indicate that you have used several variations of your name, including: "Sassan H. Abdollahzadeh," "Hassan Abdulahzadeh," and "Sassan A. Zadeh." Additionally, your Iranian passport, number R2327257, indicates a date of birth of December 17, 1961, with your signature as "Sassan Zadeh." When questioned about the different birthdates you stated that you had done so because you were born in a leap year.

An applicant has the burden of showing that discretion should be exercised in his favor. *Matter of Patel*, 17 I&N Dec. 597 (BIA 1980); *Matter of Leung*, 16 I&N Dec. 12 (BIA 1976); *Matter of Arai*, 13 I&N Dec. 494 (BIA 1970). The applicable statute does not contemplate that all aliens who meet the required legal standards will be granted adjustment of status to that of a lawful permanent resident since the grant of an application for adjustment is a matter of discretion and of administrative grace, not mere eligibility. *Matter of Ortiz-Prieto*, 11 I&N

Sassan H. Abdollahzadeh                                                 A21 492 879
Page 4

Dec. 317 (BIA 1965). Where adverse factors are present in any given application for adjustment of status, it may be necessary for the applicant to offset these by a showing of unusual or even outstanding equities. Id. Generally, favorable factors such as family ties, hardship, length of residence in the United States, etc., can be considered as countervailing factors meriting favorable exercise of administrative discretion. In the absence of adverse factors, adjustment will ordinarily be granted, still as a matter of discretion. *Matter of Arai*, 13 I&N Dec. 494 (BIA 1970). However, an absence of major adverse factors alone does not warrant the grant of adjustment of status. *Matter of Blas*, 15 I&N Dec. 626 (BIA 1974).

**CONCLUSION**

You are responsible for the contents of the application you signed and submitted under penalty of perjury. It is evident that your deliberate omissions on Form I-485 constitute fraud/and or willful misrepresentations of material facts.

You admitted to attending meetings of two organizations while a student at the University of Kansas – Anjoman Islamie and a Marxist group. You failed to list both organizations in answer to Part 3, Question C, and you answered "No" to Question 6 when you were required to list your affiliation with the Marxist group. You failed to list either organization in response to the requisite question on Form I-485 and you did not amend this omission when questioned under oath at the initial interview. This omission eliminated a line of questioning.

During this application process you testified that you had no children, but you later submitted two birth certificates contradicting your prior testimony. You also failed to provide a complete copoy of your passport as requested by USCIS. By your own admission, you entered the United States under false pretenses. You entered with the intention of attending school in Texas, but instead you attended school in Massachusetts. You have provided conflicting names and birthdates throughout your immigration history. Thus, you are found to be ineligible for adjustment of status in accordance with Section 212 (a)(6)(C)(i) of the Act.

The granting of adjustment of status to that of a lawful permanent resident is a discretionary benefit. In light of the factors present in this case, including your willful misrepresentations to USCIS and your past participation in the organization "Anjoman Islamie," USCIS has decided not to exercise its discretion in your favor.

For the reasons stated above, your application for adjustment of status is hereby denied. Any travel authorization, previously granted to you, is hereby revoked. Any employment authorization previously granted is hereby revoked. If removal proceedings are instituted to enforce your departure, you may renew in these proceedings.

Sassan H. Abdollahzadeh                                    A21 492 879
Page 5


Sincerely,

*[signature]*
District Director

Cc: